IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| BUSS GENERAL PARTNER CO., LTD., ) | CASE NO.: 1:15 CV 1256 |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.  ) | JUDGE DONALD C. NUGENT |
| ) | |
| SERIOUS INC., *et al.*, ) | |
| ) | MEMORANDUM OPINION |
| Defendants. ) | AND ORDER |
| ) | |

This matter is before the Court on the Rule 12(b) Motion to Dismiss of Defendant David Johnston (ECF #48), and the Rule 12(b) Motion to Dismiss of Defendant Optimization Tutor, Inc. (ECF #50). Plaintiff filed a combined opposition to both motions, and the moving defendants filed a joint reply in support of their motions. (ECF #57, 59). Both parties seek dismissal based on an alleged lack of personal jurisdiction. The Court previously denied a motion to dismiss by Defendant Gary Fratianne brought on the same grounds.

In this case, the Plaintiff has satisfied its burden of making a prima facie case of jurisdiction and demonstrating facts which support a finding of jurisdiction, sufficient to avoid a motion to dismiss. *See, Welsh v. Gibbs,* 631 F.2d 436, 438-39 (6th Cir. 1980). On a motion to

dismiss the Court must 'consider the pleadings and affidavits in the light most favorable to the plaintiff.' *Am. Greetings Corp. V. Cohn*, 839 F.2d 1164, 1169 (6th Cir. 1988)(citing *Welsh*). In deciding a Rule 12(b) motion, this Court must determine not whether the complaining party will prevail in the matter but whether it is entitled to offer evidence to support the claims made in its complaint. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

Plaintiff has offered sufficient allegations and evidence to thwart the Defendants' motions to dismiss on the grounds of personal jurisdiction. The Ohio long arm statute is satisfied by the allegation, and supporting evidence, that these Defendants caused tortious injury in this state, through their business transactions and communications/correspondence with an Ohio company. *See, MedChoice Fin. LLC v. ADS Alliance Data Sys.*, 2012 U.S. Dist. LEXIS 38778, at *16-17; O.R.C. § 2307.382. Under Ohio law the alleged fact that these Defendants have never visited the state is not sufficient to support a finding that they have not transacted business in the state. *See, Ky. Mall Co. V. Mitchell's Formal Wear*, 53 Ohio St. 3d 73, 75 (559 N.E. 2d 477 (1990).

In addition, the exercise of personal jurisdiction over these defendants does not violate Constitutional due process under the circumstances alleged by the Plaintiff. Plaintiffs have alleged that Defendants purposefully availed themselves of Ohio laws by encouraging, aiding, partnering with and directing other Defendants' commission of tortious acts against the Plaintiff in Ohio. They have provided some evidence that these two Defendants were well aware in the course of their actions that they could be subjecting themselves to Ohio law, and that they were intending to cause consequences in Ohio. They have also made allegations, supported by some evidence, that the relationship between these two Defendants and the other Ohio defendants were sufficiently intertwined as to create actionable interdependence. Further, the alleged injury

appears to have a substantial connection to the communications that give rise to the Defendants' business transactions in Ohio. The allegations and information presented by Plaintiffs are sufficient to create a prima facie case that this Court has personal jurisdiction over these two Defendants.

Finally, the "fiduciary shield doctrine" does not provide a reason to dismiss the claims against him at this stage of the litigation. The Sixth Circuit has held that the fiduciary shield doctrine does not preclude jurisdiction "over corporate officers where the officers were active participants in the tortious conduct." *Balance Dynamics Corp. v. Schmitt Indus.*, 204 F.3d 683, 697 (6th Cir. 2000). The communications identified by Plaintiffs as evidence of the alleged tortious conduct by Defendants Johnston and Optimization, were all authored by Mr. Johnston. He is not named merely because his a fiduciary or employee of Optimization, but because he was the actual actor allegedly perpetrating the tortious conduct on behalf of himself and his company. Under these circumstances, if proven to be true, the fiduciary shield doctrine cannot protect him.

For the reasons set forth above, the Rule 12(b) Motion to Dismiss of Defendant David Johnston (ECF #48), and the Rule 12(b) Motion to Dismiss of Defendant Optimization Tutor, Inc. (ECF #50), are hereby both DENIED. IT IS SO ORDERED.

Judge Donald C. Nugent
United States District Judge

Date: June 2, 2016